```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


MARIANNE SANDOZ                              CIVIL ACTION

VERSUS                                       NO: 15-3697

UNITED STATES OF AMERICA                     SECTION: "J"(1)
```

### ORDER & REASONS

Before the Court is a *Motion to Dismiss* **(Rec. Doc. 15)** filed by Defendant United States of America and an opposition thereto (Rec. Doc. 19) filed by Plaintiff, Marianne Sandoz. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART** and **DENIED IN PART**.

### FACTS AND PROCEDURAL BACKGROUND

This is a medical-malpractice case brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), for injuries allegedly caused by the treatment Plaintiff received at several Veterans Affairs ("VA") facilities. (Rec. Doc. 1.) Plaintiff, Marianne Sandoz, underwent surgery to correct her left cubital tunnel syndrome on October 6, 2011, at the G.V. (Sonny) Montgomery VA Medical Center, located in Jackson, Mississippi. *Id.* at 3. During the course of the surgery, and due to the alleged negligence of the VA surgeons performing the operation, Plaintiff's ulnar

nerve was inadvertently transected, "thus causing Ms. Sandoz permanent damages." *Id.*

Following the October 2011 surgery, Plaintiff was transferred to the Southeast Louisiana Veterans Healthcare System in New Orleans, Louisiana, for ongoing treatment on her wrist and hand. *Id.* at 4. Plaintiff alleges that the treatment in Louisiana was "sporadic, incomplete, lacking," or otherwise inappropriate for her needs. *Id.* Plaintiff was then referred to a physician at the Michael E. DeBakey VA Medical Center in Houston, Texas, where she underwent "numerous episodes of surgical treatment." *Id.* at 4-5. Plaintiff alleges that the surgery she underwent in Texas was inappropriately performed and constituted medical negligence. *Id.* at 5.

After undergoing surgery in Texas, Plaintiff returned to the care of the VA hospital in New Orleans. *Id.* In New Orleans, Plaintiff met with a hand specialist on staff at the VA hospital, who referred her to an independent contractor, Dr. Harold Stokes. *Id.* Plaintiff alleges that Dr. Stokes determined that Plaintiff received inadequate treatment from the VA hospitals. *Id.* Consequently, Dr. Stokes performed additional surgeries in attempt to lessen the damage caused to Plaintiff's arm. *Id.* According to Plaintiff, she is still undergoing medical care and will need additional treatment throughout time. *Id.* at 6.

2

On February 24, 2015, as well as on prior occasions, Plaintiff filed administrative claims pursuant to the FTCA with the Department of Veterans Affairs. *Id.* at 2. As of August 18, 2015, Plaintiff had not received a response or denial. *Id.* Accordingly, Plaintiff filed this lawsuit on August 21, 2015. Plaintiff claims that her hand is "unable to perform many, if not all, of her day to day activities," and that she is now experiencing additional problems as a result of the inadequate or inappropriate treatment received from the VA hospitals. *Id.* at 5-6.

Defendant filed the instant *Motion to Dismiss* **(Rec. Doc. 15)** on March 16, 2016. The Court granted Plaintiff leave to file an opposition to the motion on April 1, 2016. The Court now considers the motion on the briefs.

## PARTIES' ARGUMENTS

Defendant contends that this Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff's claims were previously dismissed as untimely and, as a result, res judicata applies.[1] (Rec. Doc. 15-1, at 3.) Defendant asserts that

---

[1] Although Defendant seeks dismissal of Plaintiff's claims as barred by res judicata, Defendant's motion is styled as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Res judicata is an affirmative defense; it is not a jurisdictional bar. *See* Fed. R. Civ. P. 8(c). Because it is an affirmative defense, "generally a res judicata contention cannot be brought in a motion to dismiss." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005). Nevertheless, courts have considered the barring effect of res judicata and related preclusion principles on a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 335-36 (5th Cir. 2014) ("Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings."). In addition, Plaintiff has not challenged the

3

Plaintiff has previously litigated these exact claims against the United States in the Southern District of Mississippi. *Id.* at 1. However, because Plaintiff failed to timely file her complaint, Plaintiff's claims were dismissed. *Id.* According to Defendant, Plaintiff has shifted venues and reasserted her claims against the United States in this district. *Id.* at 2. Defendant asserts that Plaintiff's claims in both actions stem from the same failed surgery in October 2011. *Id.* Defendant argues that Plaintiff has attempted to circumvent the court's ruling in the Southern District of Mississippi by asserting vague allegations of subsequent malpractice at various VA facilities and arguing that the acts are a continuing tort. *Id.* Because FTCA claims are "forever barred" unless timely presented, Defendant argues that res judicata applies and Plaintiff's claims should be dismissed with prejudice. *Id.* at 1.

In response, Plaintiff contends that her complaint was timely filed in this district and is not barred by res judicata. (Rec. Doc. 19, at 3, 7.) Plaintiff admits that she originally filed a complaint in the Southern District of Mississippi. *Id.* at 1. Furthermore, she concedes that her complaint in the instant case "does somewhat overlap the original complaint." *Id.* at 7. However, Plaintiff argues that continuing acts of malpractice have occurred

---

Defendant's use of a motion to dismiss to invoke res judicata. Accordingly, the Court considers Defendant's motion under the 12(b)(6) standard.

4

since the filing of the original complaint, and therefore, "at the very least, only a portion of [her] claims may be precluded." *Id.* Moreover, Plaintiff argues that her claims are timely because an ongoing tort is being committed and the exact extent of damages is not yet known. *Id.* at 3. Relying on the "continuing tort" theory, Plaintiff contends that the tortious acts began in Mississippi and have continued through the present day, thus suspending the limitation period for all claims in this matter. *Id.* at 4. Additionally, Plaintiff argues that equitable tolling should apply to allow her to proceed with her original complaint. *Id.* at 2 (citing *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015) (holding that FTCA's time limitations were nonjurisdictional and subject to equitable tolling)). In sum, pursuant to *United States v. Kwai Fun Wong*, the theory of continuing tort, and based upon new allegations raised in the instant case, Plaintiff argues that Defendant's motion should be denied.

## LEGAL STANDARD

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its

5

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

Normally, in ruling on a 12(b)(6) motion to dismiss, the court cannot look beyond the pleadings. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). However, in addition to facts alleged in the pleadings, a court "may also consider matters of which [it] may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). "And, it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007). If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under

Rule 12(b)(6) is proper. *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994).

## DISCUSSION

The FTCA grants federal district courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA contains a strict statute of limitations:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

*Id.* § 2401(b). Thus, tort claimants filing suit against the United States can be barred by the statute of limitations in two ways: (1) they can be barred if they do not file a claim with the appropriate federal agency within two years; or (2) they can be barred even if they do file a timely administrative claim, but fail to file a suit in district court within six months after the agency mails its notice of final denial of their claim. Notably, the six-month limitation period commences from the date the government mails the notice of denial, regardless of whether the claimant receives the denial letter. *Beemer v. Holder*, 495 F. App'x

396, 400 (5th Cir. 2012) (citing *Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir. 1975)).

As both parties acknowledge in their briefs, Plaintiff previously filed a complaint in the Southern District of Mississippi. *See Sandoz v. United States*, No. 13-706, 2014 WL 5286886 (S.D. Miss. Oct. 15, 2014). Plaintiff filed suit in the Southern District of Mississippi on November 8, 2013. *Id.* at *1. In that case, Plaintiff asserted FTCA claims against the United States based on allegations that the negligence of the VA surgeons performing the October 2011 operation, which resulted in Plaintiff's ulnar nerve being transected, caused permanent injury, pain, suffering, damage, and harm to her left arm and hand. *Id.* Before filing suit, Plaintiff had timely filed an administrative claim pursuant to the FTCA on February 1, 2011.

The United States District Court for the Southern District of Mississippi found that Plaintiff's claims were time-barred. *Id.* at *2. Although Plaintiff had timely presented a claim to the appropriate federal agency, she failed to file suit within six months of the government mailing its notice of final denial. Plaintiff argued that she never received the denial, but the court reasoned that whether she received notice was immaterial for the purpose of the FTCA. *Id.* (citing *Beemer*, 495 F. App'x at 400). Thus, the limitation period began to run when the government mailed the notice to Plaintiff's attorney on July 27, 2012, and it expired

8

on January 28, 2013. *Id.* Because Plaintiff filed her lawsuit more than nine months later, her claims were time-barred. *Id.*

Having found that Plaintiff's claim was time barred, the court granted Defendant's motion to dismiss for lack of subject matter jurisdiction. However, because at that time it was "not entirely clear whether the FTCA's limitation period is jurisdictional," the court also considered Plaintiff's alternative argument that equitable tolling should apply. *Id.* Plaintiff argued that her non-receipt of the denial letter qualified as an "extraordinary circumstance" sufficient to permit equitable tolling. The court rejected this argument and found that Plaintiff would not be entitled to equitable tolling even if it were permitted. *Id.* at *3. The court recognized that the result seemed harsh, but reasoned that it was consistent with the Fifth Circuit's view on the FTCA's statute of limitations. Thus, the court held that Plaintiff's claim was time-barred and not saved by equitable tolling. *Id.* Accordingly, the court entered a final judgment dismissing the case on October 15, 2014. (Rec. Doc. 15-4.)

Considering the dismissal of Plaintiff's complaint in the Southern District of Mississippi, Defendant argues that res judicata bars Plaintiff's claims in this case. The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion. *Test Masters Educ. Servs., Inc. v.*

9

*Singh*, 428 F.3d 559, 571 (5th Cir. 2005). True res judicata, or claim preclusion, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. *Id.* Res judicata has four elements: (1) that the parties be identical or in privity; (2) that the prior judgment be rendered by a court of competent jurisdiction; (3) that the prior action be concluded by a final judgment on the merits; and (4) that the same claim be involved in both actions. *Id.*

The first element may be disposed of quickly because Plaintiff concedes that the parties in this action are identical to those in the Mississippi action. (Rec. Doc. 19, at 7.) Similarly, there is no dispute that the third element is met. Defendant has submitted evidence of the final judgment entered in the previous case. (Rec. Doc. 15-4.)

Although Plaintiff does not argue that the prior judgment was not rendered by a court of competent jurisdiction, this element warrants further discussion. In the prior action, the court dismissed Plaintiff's FTCA claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), concluding that the statute of limitations was jurisdictional and had run. However, after the court made its ruling, the Supreme Court held in *Wong* that the FTCA's time limitations are

nonjurisdictional and subject to equitable tolling.[2] 135 S. Ct. at 1638. Because the court was aware that the Supreme Court had granted a petition for a writ of certiorari on this precise issue, it concluded in the alternative that even assuming the FTCA's statute of limitations was not jurisdictional, Plaintiff would not be entitled to equitable tolling under the circumstances. *Sandoz*, 2014 WL 5286886, at *2-3. The court had "the jurisdiction to determine its own jurisdiction," and to the extent it addressed the merits, it had original jurisdiction under 28 U.S.C. § 1346(b)(1). *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 486 (5th Cir. 2016). Thus, the prior judgment was rendered by a court of competent jurisdiction.

With regard to the fourth element, in order to determine whether both suits involve the same cause of action, the Fifth Circuit uses the transactional test. *Test Masters*, 428 F.3d at 571. Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. *Id.* The critical issue is whether the two actions are based on the "same

---

[2] In light of *Wong*, the Fifth Circuit has recognized that a Rule 12(b)(1) motion is no longer the proper procedural vehicle to assert that an action is barred by the FTCA's statute of limitations. *See Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 486 (5th Cir. 2016) ("Accordingly, the district court should have considered the Government's motion to dismiss under Rule 12(b)(6) rather than 12(b)(1), and held that the FTCA's statute of limitations is an affirmative defense for which the Government has the burden of proof." (citation omitted)).

nucleus of operative facts." *Id.* "If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred." *Id.*

Defendant argues that res judicata is appropriate because the same claim is involved in each action: the alleged permanent disability of the arm and hand resulting from the October 2011 surgery performed at the VA facility in Mississippi. (Rec. Doc. 15-2, at 4.) In response, Plaintiff argues that res judicata does not preclude this litigation because the claims involved in the prior action and the current action "are not totally identical." (Rec. Doc. 19, at 7.) In particular, Plaintiff asserts that "continuing acts of malpractice have occurred since the filing of the original complaint." *Id.*

The Court finds that Plaintiff has asserted additional claims in the current action that were not part of the prior action. As Plaintiff points out in her opposition, the complaint in the current action raises claims based on surgeries and treatment that occurred after the filing of the original complaint in the prior action. For example, in the prior action Plaintiff did not assert a claim for malpractice based on her surgery in Texas. Therefore, all of Plaintiff's claims in the current action are not barred by true res judicata.

Although the current action is not completely barred by res judicata, some of the claims involved are the same as those

involved in the prior action. Plaintiff does not dispute that she asserted claims based on the October 2011 surgery in the prior action and therefore she acknowledges that a portion of her claims in this action may be precluded. In the prior action, the critical issue before the court was whether Plaintiff had timely filed her complaint for damages resulting from the October 2011 surgery in Mississippi. The identical issue is before the Court in this action, where Plaintiff is again asserting claims against the United States for alleged malpractice that occurred during the October 2011 surgery and related medical treatment in Mississippi.

Plaintiff attempts to circumvent the ruling in the prior action by arguing that, based on the Supreme Court's decision in *Wong*, equitable tolling applies to allow Plaintiff to reurge her original claims. This argument lacks merit. Although the Supreme Court held in *Wong* that FTCA's time limitations are subject to equitable tolling, the court in the prior action determined that equitable tolling did not apply under the circumstances. *Sandoz*, 2014 WL 5286886, at *2-3. Plaintiff ignores the fact that the court in the prior action considered her argument in this regard and expressly rejected it.

Even if the court in the prior action had not determined that equitable tolling did not apply, this Court also finds that equitable tolling does not toll the running of the limitation period in this case. "The doctrine of equitable tolling preserves

13

a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Trinity Marine*, 812 F.3d at 488-89. Federal courts have typically applied equitable tolling only sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

As the party seeking equitable tolling, Plaintiff bears the burden of justifying it. *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In the prior action, Plaintiff asserted that her non-receipt of the denial letter qualified as an "extraordinary circumstance" sufficient to permit equitable tolling. The court rejected this argument, reasoning that applying equitable tolling in such a situation would be contrary to the Fifth Circuit's approach to the six-month limitation period, which deems "whether [the plaintiff] *received* the notice . . . immaterial." *Sandoz*, 2014 WL 5286886, at *3 (quoting *Beemer*, 495 F. App'x at 400); *see also Jackson v. United States*, 751 F.3d 712, 719-20 (6th Cir. 2014) (affirming denial of equitable tolling in FTCA case where plaintiff's lawyer's office relocated before denial letter was sent, so that denial letter was returned to government as undeliverable, and government "took no further

14

action"). This Court agrees that Plaintiff has failed to justify equitable tolling in this situation where a denial letter was mailed but not received.[3]

Plaintiff also appears to assert that the Defendant led her to believe that no cause of action existed and effectively prevented her from filing a malpractice complaint. (Rec. Doc. 19, at 6.) To the extent that Plaintiff argues that she was prevented from filing a malpractice complaint regarding the October 2011 surgery and related treatment in Mississippi, Plaintiff's argument is belied by the fact that she timely filed an administrative claim with the appropriate agency in February 2012.

Lastly, Plaintiff argues that all of her claims are timely filed, including those arising from the October 2011 surgery, because the alleged negligence of the government employees at the various VA facilities constitutes a continuing tort under Louisiana law. Under the continuing tort doctrine, "the cause of action is not complete and does not accrue until the tortious acts have ceased." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d

---

[3] Plaintiff was not required to wait until she received the notice of final denial before filing suit. A claimant may sue the United States pursuant to the FTCA six months after presenting a claim to the appropriate agency. 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."). Therefore, Plaintiff could have brought suit against the United States on August 1, 2011, six months after she presented her claim to the agency. But Plaintiff filed her lawsuit on November 8, 2013, more than two years after the date she could have filed suit and more than nine months after the six-month statute of limitations had run.

15

444, 451 (5th Cir. 2007); *see also Hogg v. Chevron USA, Inc.*, 45 So. 3d 991, 1003 (La. 2010) ("When the operating cause of the injury is continuous, giving rise to successive damages, prescription begins to run from the day the damage was completed and the [plaintiff] acquired, or should have acquired, knowledge of the damage. When the operating cause of the injury is discontinuous, there is a multiplicity of causes of action and of corresponding prescriptive periods." (citation omitted)). Thus, whether the government's alleged negligence would be a continuing tort is, in part, a conduct-based inquiry, "asking whether the tortfeasor perpetuates the injury through overt, persistent, and ongoing acts." *Young v. United States*, 727 F.3d 444, 448 (5th Cir. 2013).

The Fifth Circuit has yet to address whether state law may indefinitely postpone the commencement of the running of a statute of limitations when the wrongful acts and damages are ongoing. *See id.* at 447. Nevertheless, even assuming that the continuing tort doctrine could apply to Plaintiff's claims, this Court finds that it would not toll the commencement of the six-month limitation period in this case. Although a continuing tort could potentially alter when a claim accrues, thereby extending the two-year period during which a claim must be presented to the appropriate federal agency, Plaintiff does not cite any relevant case law indicating that a continuing tort could delay the commencement of the six-

month period for filing suit after the agency's final denial of a claim. The FTCA unambiguously states that the six-month limitation period commences to run "from the date of mailing." 28 U.S.C. § 2401(b); *see also Beemer*, 495 F. App'x at 400 (citing *Carr*, 522 F.2d at 1357). As the court in the prior action explained, the government mailed its notice of denial of Plaintiff's claim involving the October 2011 surgery on July 27, 2012. Thus, the six-month statute of limitations expired on January 28, 2013, long before Plaintiff filed suit.

In summary, the Court concludes that Plaintiff's claims against Defendant for the injury to her ulnar nerve sustained during the course of surgery performed at the G.V. (Sonny) Montgomery VA Medical Center on October 6, 2011, is barred by the final judgment rendered by the district court in the Southern District of Mississippi in the prior action. However, Defendant has not established that Plaintiff's remaining claims, based on allegations of negligent treatment at VA facilities in Texas and Louisiana that occurred after the prior action, should be similarly precluded.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss* **(Rec. Doc. 15)** is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims against Defendant for the alleged negligence of the G.V. (Sonny)

Montgomery VA Medical Center and its staff, agents, and employees, related to the surgery performed on October 6, 2011, are hereby **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Defendant's *Ex Parte Motion for Leave to File Reply* **(Rec. Doc. 20)** is **DENIED as moot**.

New Orleans, Louisiana, this 15th day of April, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE